# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVELAND JONES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>R. LOWDER,<br><br>　　　　Defendant. | Case No.: 1:16-cv-01911-AWI-SAB (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER AND STAYING DISCOVERY<br><br>[ECF No. 27] |

Plaintiff Cleveland Jones is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On February 22, 2018, Defendant filed a motion to modify the discovery and scheduling order and to stay the discovery. Plaintiff did not file an opposition and the time to do so has expired. Local Rule 230(l).

This action is proceeding against Defendant R. Lowder for an equal protection violation. On September 14, 2017, Defendant filed an answer to the complaint. On September 15, 2017, the Court issued the discovery and scheduling order.

On November 17, 2017, the Court referred the case to post-screening ADR and stayed the case for 120 days. On January 16, 2018, Defendant opted-out of the settlement conference. Therefore, the settlement conference was vacated, and an amended discovery and scheduling order was issued on January 26, 2018.

1

On February 22, 2018, Defendant filed a motion for summary judgment for failure to exhaust the administrative remedies. On March 19, 2018, Plaintiff filed an opposition to Defendant's motion.

As previously stated Defendant moves to stay discovery pending the ruling on his exhaustion related motion for summary judgment. (ECF No. 27.) Defendant indicates that on December 4, 2017, he received Plaintiff's First Set of Interrogatories which request information relating to the merits of Plaintiff's claims, and do not request any information about administrative exhaustion or any issue raised in the pending motion for summary judgment. (Decl. of Tyler Onitsuka ¶ 3, ECF No. 27.)

The Court is vested with broad discretion to manage discovery. Dichter-Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam); Hunt, 672 F.3d at 616; Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue). The propriety of delaying discovery on the merits of the plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit. Albino v. Baca, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (en banc); see also Gibbs v. Carson, No. C-13-0860 THE (PR), 2014 WL 172187, at *2-3 (N.D. Cal. Jan. 15, 2014).

The failure to exhaust is an affirmative defense, and Defendant is entitled to judgment on Plaintiff's claims against him if the Court determines the claim is unexhausted. Albino, 747 F.3d at 1166. Thus, the pending exhaustion motion has the potential to bring final resolution to this action, obviating the need for merits-based discovery. Gibbs, 2014 WL 172187, at *3. In Albino, the Ninth Circuit recognized that "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claims," and "discovery directed to the merits of the suit" should be left until later. Albino, 747 F.3d at 1170. To the extent that the non-moving party needs specific discovery to address issues raised in a dispositive motion, the non-moving party is entitled to seek redress. Fed. R. Civ. P. 56(d); Albino, 747 F.3d at 1170-71; Wyatt v. Terhune, 315 F.3d 1108, 1115 n.7 (9th Cir. 2003) (overruled on

other grounds by Albino, 747 F.3d at 1168-69). Here, there is no opposition to Plaintiff to the stay of discovery. Therefore, Defendant is entitled to the stay of discovery he seeks. Accordingly, in the absence of any actual prejudice to Plaintiff and good cause having been shown, Defendant's motion to stay all merits-related discovery pending resolution of their exhaustion motion is HEREBY GRANTED and discovery is STAYED.[1] Fed. R. Civ. P. 26(c); Albino, 747 F.3d at 1170-71.

IT IS SO ORDERED.

Dated: __**March 22, 2018**__

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] If Defendants' motion for summary judgment is denied, the Court will issue an amended scheduling order. (ECF No. 24.)