**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLEVELAND JONES,<br><br>        Plaintiff,<br><br>v.<br><br>R. LOWDER,<br><br>        Defendant. | Case No.: 1:16-cv-01911-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>[ECF No. 26] |

Plaintiff Cleveland Jones is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant's motion for summary judgment for failure to exhaust the administrative remedies, filed February 22, 2018.

**I.**

**RELEVANT HISTORY**

This action is proceeding against Defendant R. Lowder for violation of the Equal Protection Clause.

On September 14, 2017, Defendant filed an answer to the complaint. On September 15, 2017, the Court issued the discovery and scheduling order.

On January 26, 2018, the Court issued an amended discovery and scheduling order after Defendant opted out of the early settlement conference that was set for March 1, 2018.

As previously stated, on February 22, 2018, Defendant filed the instant motion for summary judgment for failure to exhaust the administrative remedies. Plaintiff filed an opposition on March 19, 2018, and Defendant filed a reply on March 26, 2018. The motion is deemed submitted for review without oral argument. Local Rule 230(l).

## II.

## LEGAL STANDARD

### A.     Statutory Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions." 42 U.S.C. § 1997e(a); see Ross v. Blake, __ U.S. __ 136 S.Ct. 1850 (June 6, 2016) ("An inmate need exhaust only such administrative remedies that are 'available.'"). Exhaustion is mandatory unless unavailable. "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

///

### B. Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

### III.
### DISCUSSION

### A. Description of CDCR's Administrative Remedy Process

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate grievances. Cal. Code Regs. tit. 15, § 3084.1 (2014). Compliance with section 1997e(a) is mandatory and state

3

prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010). CDCR's administrative grievance process for non-medical appeals consists of three levels of review: (1) first level formal written appeals; (2) second level appeal to the Warden or designees; and (3) third level appeal to the Office of Appeals (OOA). Inmates are required to submit appeals on a standardized form (CDCR Form 602), attach necessary supporting documentation, and submit the appeal within thirty days of the disputed event. Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b). The California Code of Regulations also requires the following:

> The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question.

Cal. Code Regs. tit. 15, § 3084.2(a)(3).

**B.  Summary of Allegations Underlying Plaintiff's Constitutional Claims**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). At the time of the incidents alleged in the complaint, Plaintiff was housed at the California Substance Abuse Treatment Facility-Corcoran ("CSATF"). Plaintiff is a Black American and served on the Men's Advisory Committee. (Compl. at ¶ 1.) During his tenure from 2011 to 2013 on the Men's Advisory Committee, Plaintiff advocated for more positive rehabilitative programs to be implemented at CSATF. (Compl. at ¶ 2.) Plaintiff contends that Defendant Lowder is a contemporary bigot who has a reputation of harassing Black American inmates and fabricating rules violations against them. (Compl. at ¶ 5.) Plaintiff alleges that Defendant Lowder planted contraband in an area frequented by members of the Men's Advisory Committee to retaliate against him and remove him from the Men's Advisory Committee. (Compl. at ¶ 3.) Plaintiff states that Defendant Lowder is a member of the "Green Wall" gang. (Compl. at ¶ 5.)

///
///

4

On May 29, 2013, Plaintiff, along with approximately 25 other inmates, was ordered to prone out. (Compl. at ¶ 6.) Plaintiff was subjected to an unclothed body search during which nothing was found. (Compl. at ¶ 6.) Defendant Lowder wrote a report stating that he saw Plaintiff remove an object from his pants and place it on the grass. (Compl. at ¶ 6.) As a result of the report, Plaintiff was housed in segregation. (Compl. at ¶ 7.) Plaintiff contends that he did not possess a weapon, especially the weapon that was recovered by Moreno. (Compl. at ¶ 9.)

### C. Analysis of Defendant's Motion for Summary Judgment

Defendant argues that Plaintiff failed to exhaust the administrative remedies because none of Plaintiff's administrative appeals allege that Plaintiff was the victim of any racial discrimination or that Defendant Lowder targeted Plaintiff for discipline because of his race.

Plaintiff argues that he exhausted the administrative remedies or, alternatively, should be excused because his appeals were screened out for reasons that were "inconsistent with or unsupported by applicable regulations."

Defendant contends that Plaintiff submitted two inmate appeals related to the incidents that form the basis of his complaint in this action—SATF-Z-13-02431 and SATF-Z-14-00073. (Declaration of Tyler Onitsuka ("Onitsuka Decl.") ¶ 2, Ex. A; Declaration of A. Shaw ("Shaw Decl.") ¶ 13.) In response to interrogatories, Plaintiff acknowledged that these two appeals were the only inmate appeals he had submitted about the allegations in his complaint. (Onitsuka Decl., Ex. A.)

#### 1. Appeal Log No. SATF-Z-13-02431

In appeal log no. SATF-Z-13-02431, accepted at the second level of review on August 29, 2013, Plaintiff stated the following:

> I was found guilty of a serious RVR #(C-13-05-095) June 7th, 2013, for possession of an inmate manufactured weapon. And sentenced to 360 days loss of good time credits, and 10 days loss of yard privileges. On May 29, 2013, staff on C-Fac sounded alarm and conducted an unclothed boy search of all IAC/MAC member(s). I was (1) of (25) MAC member(s) who was searched with negative results, then allowed me to get fully dressed, and then called me back placed me in hand cuffs, for possession of an inmate manufactured weapon per: 3006(a). At my RVR 115 Hearing I requested video footage of the incident, which was (central) to my defense per 15 CCR §§ 3320(a) and moreover, I was denied a I.E. per 15 CCR §§ 3315(d)(2)(A) and 3318(a). see: Wolff v. McDonald, supra, 418 U.S. at p. 566 see: also Zimmerlee v. Kenney (9th Cir. 1987) 831 F.2d 183, 187, cert. denied (1988) 487 U.S. 1207. Both of these denials constitute a violation of my due process rights.

5

> The Senior Hearing Officer(s) (SHO) refusal to allow the evidence from videotape violates petitioners due process rights under both U.S. and California Constitution. The only reason I went forward with my RVR 115 to be heard without postponement was (solely) because I believed that the yard video coverage would exonerate me of all charges, and of any wrong doing. Please see attached CDCR 22 Forms(s) it states clearly (ISU) never was given notice of said incident, and my request for video footage as evidence on my behalf was overlooked, and or some how disregarded.

(Shaw Decl. Ex. B.) Plaintiff requested that the RVR be reissued and reheard, an IE be assigned to him, and video footage be made available to present as exculpatory evidence. (Id.)

This appeal does not sufficiently grieve Plaintiff's Equal Protection Claim against Defendant Lowder. There is no mention of Defendant Lowder in the appeal or response, nor is there any suggestion that the rules violation report was fabricated against Plaintiff because of his race. Plaintiff contends this appeal was sufficient to grieve his equal protection claim against Defendant Lowder. The Court does not agree. As set forth above, in this appeal Plaintiff contents that: (1) he did not receive any video footage of the underlying incident, which he had requested; and (2) no investigative employee assisted him in preparing for the hearing. (Shaw Decl. Ex. B.) Plaintiff also contends that his due process rights were violated at the hearing. (Id.) However, in the instant complaint, Plaintiff contends that: (1) Defendant Lowder intentionally fabricated the RVR; (2) Defendant Lowder had a history of fabricating RVRs against African-American inmates; and (3) Defendant Lowder intentionally fabricated the RVR against Plaintiff based on racial animus. There is simply no reference or mention of racial discrimination in appeal log no. SATF-Z-13-02431. Although this appeal does allege due process violations regarding the RVR hearing, the complaint in this action arises from a separate and distinct equal protection claim based on the creation of the RVR itself. The fact that Plaintiff contends he did not receive adequate due process during the hearing on the RVR would not place the institution on notice that the RVR was intentionally fabricated at its creation based on racial animosity. See, e.g., Cortinas v. McCabe, Case No. 1:16-cv-0558-LJO-MJS (PC), 2017 WL 5291664, at *6 (E.D. Cal. Nov. 13, 2017) (equal protection claim not exhausted because underlying appeal did not claim that defendant used discriminatory language against plaintiff); Herrera v. Statti, Case No. 2:10-cv-1154-MCE-DAD, 2013 WL 4049650, at *3 (E.D. Cal. Aug. 9, 2013) (appeal

regarding due process in disciplinary hearing "could not have alerted prison officials to any problem" regarding alleged use of excessive force). In addition, appeal log no. SATF-Z-13-02431 did not provide enough information to allow prison officials to take appropriate responsive measures regarding Defendant Lowder's alleged misconduct. Griffin v. Arpaio, 557 F.3d 1117, 1121 (9th Cir. 2009). Lowder is not named in appeal log no. SATF-Z-13-02431, he was not called as a witness during the RVR hearing in the appeal, and Lowder's alleged misconduct does not form the basis for Plaintiff's grievance in this appeal. Indeed, in responding to Plaintiff's appeal at the second level of review, Plaintiff's grievance was summarized as follows:

> You are submitting your appeal relative to CDC 115, Rules Violation Report (RVR) dated May 29, 2013 for the specific act of 'Possession of an Inmate Manufactured Weapon', Log #C-13-05-095. You contend that you were denied an Investigative Employee (IE) and your request to view the yard video tape was disregarded. You are requesting the RVR be reissued/reheard, to be assigned an IE and for the yard video footage to be made available to you.

(Shaw Decl. Ex. B.) As evident from the response, the investigation into Plaintiff's grievance focused on the process of the RVR hearing, i.e. whether Plaintiff waived the assignment of an investigative employee, whether video footage was required at the hearing, and whether the hearing complied with procedural safeguards such as appropriate time constraints. (Id.) In contrast, in response to a grievance regarding a correctional officer fabricating a RVR based on racial discrimination the investigation would be different. An investigation into racial discrimination would necessarily look for direct or circumstantial evidence of a racially biased motive by Defendant Lowder, and the remedy would simply be a new RVR hearing and/or discipline for the misconduct. In sum, Plaintiff's general allegation that he was not provided adequate due process at his RVR hearing is insufficient to alert prison officials that a particular correctional officer (Defendant Lowder) falsified the RVR because of racial bias. McCollum v. California Dep't of Corr. & Rehab., 647 F.3d 870, 876 (9th Cir. 2011) (general grievance regarding religious needs does not exhaust specific claim regarding denial of paid chaplain). Accordingly, this grievance did not serve to exhaust Plaintiff's equal protection claim against Defendant Lowder.

///

///

### 2. Appeal Log No. SATF-Z-14-00073

Plaintiff submitted appeal log. no. SATF-Z-14-00073 on December 15, 2013, in which he appealed the denial of appeal log no. SATF-Z-13-02431 as untimely. Plaintiff stated the following:

> On October 29, 2013 I was given the Second Level Response (Log #SATF-Z-13-02431) by C/O Fergoso 3/W ASU-Unit. While housed in Cell 137L in which I arrived back in ASU on Oct. 25, 2013. At that time C/O Ms. Magallon, made me aware that she sent a 602 to C-Facility, and now, C-Facility would have to re-route it back to the ASU-unit. Due to me being released from ASU on 9/4/13 in which my SHU term was assessed, imposed and suspended. And I returned to "C" Facility. On Sep. 11, 2013 J. Cota, Appeal Coordinator came to interview me, at which time I had nothing else to add to my appeal. My appeal I believe was caught in the transition of me being housed at multiple housing unit(s). Which had to be re-routed to me. This wasn't negligence on my part, because I had [no] control of the institutional mail system. The second level response, did not come via legal mail. So I had no control of the time frame in which I received "602" (Log #SATF-Z-13-02431) Please read "Division of Adult Institution" dated October 2, 2013 on page (2) at bottom where C/O Magallon 3/W ASU, wrote a note in justification of how to re-route of the (602) occurred, and it was never in my possession. Because I was released 9/4/13, on 10/22/13 she C/O Magallon received it, and re-routed it to me. However, I never received it until Oct. 29, 2013. So I did not violate the (30) day time restraints per Title 15, section (CCR) 3084.6(c)(4) because custody had sole possession of 602.

(Onitsuka Decl. Ex. C.)

This appeal involves only the administrative appeal screening process, and does not mention Defendant Lowder or any racial discrimination which forms the basis of his equal protection claim. Therefore, this appeal could not and did not provide the prison notice of Plaintiff's equal protection claim against Lowder.

### 3. Excuse of Exhaustion of Administrative Remedies

In his opposition, Plaintiff argues that he should be excused from exhausting the administrative remedies because his appeal was improperly cancelled at the third level of appeal as untimely for the reasons set forth in appeal log no. SATF-Z-14-00073.

"An inmate is required to exhaust only available remedies." Albino, 747 F.3d at 1171 (citing Booth v. Churner, 532 U.S. 731, 736 (2001)). "To be available, a remedy must be available 'as a practical matter'; it must be 'capable of use; at hand.'" Albino, 747 F.3d at 1171 (quoting Brown v. Valoff, 422 F.3d 926, 937 (9th Cir. 2005)). In Ross v. Blake, the Court set forth the following three examples of when the administrative remedies are not available: (1) the "administrative procedure …

operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) the "administrative scheme … [is] so opaque that it becomes, practically speaking, incapable of use … so that no ordinary prisoner can make sense of what it demands; and (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross v. Blake, 136 S.Ct. 1850, 1859-60 (2006) (citations omitted). In addition, when an inmate's administrative grievance is improperly rejected on procedural grounds, exhaustion may be excused as effectively unavailable. Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010); see also Nunez v. Duncan, 591 F.3d 1217, 1224-1226 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"); Brown v. Valoff, 422 F.3d 926, 940 (9th Cir. 2005) (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available).

To the extent Plaintiff contends that submission of the form CDCR 22 placed prison officials on notice of his allegations, such argument is without merit. Pursuant to Title 15 of the California Code of Regulations section 3086, the CDCR Form 22 is a form inmates may use to request interviews with staff and/or request items or services through a written procedure. Cal. Code Regs. tit. 15, § 3086(a). Thus, submission of a form 22 is not the same as filing an inmate appeal, and a form 22 "does not constitute exhaustion of administrative remedies." Johnson v. Sweeney, Case No. 1:14-cv-01526-LJO-SAB (PC), 2015 WL 6082061, at *6 (E.D. Cal. Oct. 13, 2015); see also Coreno v. Armstrong, Case No. 09-cv-2504-LAB (POR), 2011 WL 4571756, at *9 (S.D. Cal. Jul. 29, 2011) (an inmate who submits a CDCR Form 22 but does not timely file a CDCR Form 602 appeal does not properly exhaust the available administrative remedies). Furthermore, the form 22 that Plaintiff submits does not set forth any claim about racial discrimination. The form 22 focused on the failure to provide video footage in Plaintiff rules violation report hearing. (Pl.'s Opp'n, Ex. H ("I believe your C/O violated rules, regulations and policies and jeopardized the safety and security of institution by their blatant negligence to provide video footage of said incident.")

In addition, because neither of Plaintiff's appeals (SATF-Z-13-02431 and SATF-Z-14-00073) included any reference to racial discrimination or even mentioned Defendant Lowder, they could not have exhausted Plaintiff's administrative remedies, even if they had been pursued through all three

9

levels of review. Therefore, even if the appeals were erroneously screened out, Plaintiff is not excused from the requirement that he exhaust his administrative remedies before filing suit. Accordingly, Defendants' motion for summary judgment should be granted, and the instant action should be dismissed, without prejudice.

## III.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant's motion for summary judgment for Plaintiff's failure to exhaust the administrative remedies be granted; and

2. The instant action be dismissed, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 18, 2018**

UNITED STATES MAGISTRATE JUDGE